FILED



**NOT FOR PUBLICATION**

JUL 02 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUKE ADAM; CHANDRA MARIE
ADAM,

               Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

               Defendants - Appellees.

No. 12-55201

D.C. No. 8:05-cv-00987-ODW-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: MILAN D. SMITH, JR. and MARY H. MURGUIA, Circuit Judges, and
JACK ZOUHARY, District Judge.[**]

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Plaintiffs–Appellants Luke and Chandra Marie Adam (the Adams) hold legal title to a piece of real property in Yorba Linda, California (the Property), upon which the Internal Revenue Service (IRS) placed liens to satisfy the tax obligations of the Adams' parents, Dino and Trina Adam (the taxpayers). The IRS executed the liens under the theory that the Adams own the Property as the nominees of the taxpayers.

The Adams brought suit under 28 U.S.C. § 2410 to quiet title in the Property. The district court concluded that the Adams hold legal title to the Property as nominees of the taxpayers under California law, and dismissed the Adams' complaint for lack of standing. On appeal, the Adams argue that the district court erred in concluding that they hold title to the Property as nominees of the taxpayers, and in further holding that they lack standing to challenge the procedural validity of the tax assessment giving rise to the liens on the Property. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.

The district court accurately concluded that the Adams hold title to the Property as nominees of the taxpayers under California law. As we recently held in a published opinion: "California law recognizes a nominee theory of property ownership," and "if the California Supreme Court had occasion to evaluate the

factors relevant to determining nominee ownership under California law, it would adopt the uniform set of factors generally recognized by federal courts." *Fourth Investment LP v. United States*, No. 11-56997, slip op. at 20–21 (9th Cir. 2013). The district court properly evaluated each of the relevant factors and reasonably determined that the substantial weight of the evidence supports a finding that the Adams hold legal title to the Property as the taxpayers' nominees. For instance, the district court properly noted that multiple grant deeds attest that the Adams paid no consideration for the Property, and that the taxpayers continue to live there.

The district court erred, however, where it found that the Adams do not have standing to challenge the procedural validity of the IRS liens solely because they hold title as nominees. In order to demonstrate Article III standing, the party invoking the federal court's jurisdiction must demonstrate an injury-in-fact that is traceable to the challenged conduct, and that is within the court's power to redress. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013). The record shows that the Adams have borrowed against the Property, and done so in their own names. In light of this borrowing, we agree with the Adams that, at a minimum, the IRS liens are likely to damage their credit ratings—an injury-in-fact. *See, e.g., Lambert v. Hartman*, 517 F.3d 433, 437 (6th Cir. 2008) (finding damage to one's

"financial security and credit rating" a sufficient injury to confer Article III standing). We further agree that any such injury would be traceable to the IRS as the party who asserted the liens, and that were the district court to find some procedural flaw in the imposition of the liens, the Adams' injury could be redressed if the liens were discharged via § 2410. Thus, the Adams meet the standing requirements of Article III. We are also convinced that the Adams have prudential standing to sue to remove a cloud from their own credit histories. Consequently, we reverse the district court's order of dismissal and remand for consideration of the merits.

Each party should be responsible for its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**